UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 06-217 |
| LORRAINE T. PAYTON | SECTION: "J" |

**ORDER AND REASONS**

Before the Court is the government's memorandum of law on the use of summary witness testimony at trial, and the Defendant's objections to its use. (Rec. Doc. 43 & 45)  For the reasons below, the use of Summary-Witness testimony will be allowed and Defendant's objections are **OVERRULED.**

**BACKGROUND**

On June 11, 2007, the government submitted a memorandum of law indicating that the United States intended to call a Josephine Beninati as a summary witness to testify. (Rec. Doc. 43).  On June 21, 2007, this Court ordered that any objections to the government's request must be filed no later than July 8, 2007.  (Rec. Doc. 44).  The Defendant filed its objection on July 6, 2007.  (Rec. Doc. 45).

**DISCUSSION**

The Federal Rules of Evidence provide:

> "The contents of voluminous writings, recordings, or photographs which cannot be conveniently examined in court may be presented in the form of a chart, summary, or calculation.  The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place.  The court may order that they be produced in court."

FED. R. EVID. 1006.

On its face, the rule does not contemplate summarization of live testimony presented in court.  *United States v. Castillo*, 77 F.3d 1480, 1499 n. 36 (5th Cir. 1996).  However, the Fifth Circuit has allowed summary witness testimony in a limited fashion in complex cases.  *See United States v. Fullwood*, 342 F.3d 409, 413 (5th Cir. 2003).

The threshold question that must be asked when determining whether Summary Witnesses and testimony is admissible is (1) whether the evidence that is to be summarized is voluminous in nature; and (2) whether the review by a jury would be inconvenient.  *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001); *United States v. Duncan*, 919 F.2d 981, 988 (5th Cir. 1991).  In other words, "the rule requires only that the

2

underlying records be voluminous and that in-court examination be inconvenient."  *Duncan*, 919 F.2d at 988; *United States v. Stephens*, 779 F.2d 232, 239 (5th Cir. 1985).

In *Duncan* the Fifth Circuit noted that it was undisputed that the hospital records in question in the case were voluminous consisting of "hundreds of exhibits."  Further the court held that they could "not expect an average jury to compile summaries and create sophisticated flow charts to reveal patterns that provide important inference about the defendant's guilt."  *Id.*  Similarly, in *Bishop*, the court held that it was appropriate to use summary evidence when the trial consumed 17 days of technical testimony, "and scores of exhibits were presented."  *Bishop*, 264 F.3d at 547.  In *Bishop*, a federal agent was allowed to testify in a way to summarize the testimony and exhibits.  *Id.*  The Fifth Circuit also considers whether the evidence would be confusing without the summary.  *See United States v. Hart*, 295 F.3d 451, 456-58 (5th Cir. 2002) (holding that summary witness testimony is appropriate when evidence is confusing to a jury, but that summary witnesses cannot be used to replace expert witnesses if the expert is necessary).

In this case, it seems that there will be a large amount of evidence.  According to the Government, the United States has produced over 1,500 documents in discovery.  (Rec. Doc. 43 pg.

2). In addition, the evidence would appear to be financial in nature, and could involve some complex transactions that constitute the predicate of the fraud. As the Fifth Circuit said, "We cannot rationally expect an average jury to compile summaries and to create sophisticated flow charts to reveal patterns that provide important inferences about the defendant's guilt." *Duncan*, 919 F.2d at 988.

It is worth noting that the Fifth Circuit has recently advocated that the District Courts exercise caution when allowing a summary witness to testify. *United States v. Fullwood*, 342 F.3d 409, 413-14 (5th Cir. 2003). In that case, the Fifth Circuit concluded that summary witnesses should not be used to "merely repeat or paraphrase the in-court testimony of [others]." *Id.* (*quoting Castillo*, 77 F.3d at 1500). The Fifth Circuit continued,

> "In the light of . . . the seemingly increased use of such witnesses by the Government, we strongly caution, *once again*, against use of summary witnesses in this fashion [as a rebuttal witness] especially in a non-complex case. While such a witness may be appropriate for summarize voluminous records, as contemplated by Rule 1006, rebuttal testimony by an advocate summarizing and organizing the case for the jury

>constitutes a very different phenomenon, not justified
>by the Federal Rules of Evidence or our precedent.  For
>example, summary witnesses are not be used as a
>substitute for, or a supplement to, closing argument.

However, in this case, the Government does not appear to be asking to call a summary witness in rebuttal, but to actually summarize voluminous documents.  The Fifth Circuit approves of such summaries, given that the jury is properly instructed on how to consider the summary, and that the underlying documents have been admitted into evidence. *See United States v. Tannehill*, 49 F.3d 1049, 1056 (5th Cir. 1995).  In that case, the court held that when the underlying documents were available to the jury, and the defense knew about the summary prior to the trial, that the summary witness was proper. *Id.*.  The court further held that even though there is a danger of prejudice in the use of summary witnesses, such a danger can be corrected by a proper jury instruction. *Id.*  With this limiting instruction, the Fifth Circuit has held that the rights of the defendant are protected.

The defense merely argues that the case is not appropriate for summary because the case is not overly complex.  There is no showing of why it is not.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that Defendant's objection to the use of a summary witness at trial is **OVERRULED**.

New Orleans, Louisiana this the 16th day of July, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE